COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-232-CR
  
  
ROGEN 
LEWIS BELTRAN                                                        APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Rogen Lewis Beltran entered an open plea of guilt to burglary of a habitation as 
a second-degree enhanced felony.  The trial court conducted a hearing on 
punishment and sentenced Beltran to forty years’ confinement.  We affirm.
        Beltran’s 
court-appointed counsel filed a motion to withdraw and an Anders[2] brief in support stating that after a thorough review 
of the record, he believes any appeal in this cause would be frivolous.  
The brief meets the requirements of Anders by presenting a professional 
evaluation of the record and demonstrating why there are no arguable grounds of 
error to be advanced.  See Mays v. State, 904 S.W.2d 920, 922-23 
(Tex. App–Fort Worth 1995, no pet).  As the reviewing court, we are 
required to undertake an independent evaluation of the record to determine 
whether counsel is correct in determining that the appeal is frivolous,[3] and after having done so, we have determined just that.
        Beltran 
entered an open plea of guilty, so he waived the right to appeal any 
nonjurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independently of, and is not supported by, the alleged error.  See Young 
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent 
review of the record is limited to potential jurisdictional defects, the 
voluntariness of Beltran's plea, potential error occurring before Beltran's plea 
that resulted in or supports the judgment of guilt, and potential error 
occurring after the guilty plea. See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects.  First, the trial 
court had jurisdiction over the case.  See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004).  Second, the indictment conferred jurisdiction on the 
trial court and provided Beltran with sufficient notice.  See Tex. Const. art. V, § 12; Duron v. State, 
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
        Moreover, 
our review of the record reveals nothing that would support a claim that the 
guilty plea was involuntary. The trial court properly admonished Beltran both in 
writing and orally.  The record before us also reveals no error that 
occurred before Beltran pled guilty.  As a result, there is no appealable 
error under Young.[4]
        At 
the punishment hearing, Beltran and his former fiancée testified on his behalf, 
and the court reviewed the present investigation report. Beltran did not object 
to the contents of the report.  The court found Beltran guilty and assessed 
his punishment at forty years' confinement, which is within the punishment range 
provided for by law.  See Tex. Penal Code Ann. §§ 
12.32(a), 12.42(b) (Vernon 2004).  Therefore, we discern no reversible 
error after Beltran pled guilty.
        After 
independently reviewing the record, we agree with appellate counsel’s 
determination that any appeal from this case would be frivolous.  
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgment.
 
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 15, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays, 
904 S.W.2d at 923.
4.  
Young, 8 S.W.3d at 656.